IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-03764-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sergeant Reed, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On September 23, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without issuance and service of process, and without leave to amend.  ECF No. 15.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed three motions to amend, objections, and a letter titled "appeal."  ECF Nos. 17, 18, 20, 21, 22.[1]  Plaintiff also previously filed a response to the Magistrate Judge's proper form order.  ECF No. 9.

---

[1] While Plaintiff labels the document as an "appeal," upon review, the Court construes this document as supplemental objections to the Report.  The Court has considered all of Plaintiff's documents as he has labeled them; however, the Court has

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Because Plaintiff filed objections, the Court's review has been de novo.

To the extent Plaintiff requests that this Court investigate matters raised in the complaint, that certain legal actions be taken, or that criminal charges be brought against

---

also liberally construed and considered any objections to the Report within Plaintiff's filings.

2

individuals, his requests are denied. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973).

With respect to Plaintiff's conditions of confinement claim related to the opening of Plaintiff's mail in his presence and the denial of access to phone calls, Plaintiff has failed to state a constitutional violation. *See See Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 461 (1989); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). Thus, this claim is subject to summary dismissal.

As to Plaintiff's claim that he has been denied access to courts, that claim also fails. To state a constitutional claim for denial of access to the courts, a detainee must show an actual injury. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Here, there is no indication that Plaintiff has suffered an actual injury.[2] Accordingly, this claim is summarily dismissed.

The Court now turns to Plaintiff's response [9] to the Magistrate Judge's proper form order and construes it as an appeal of the Magistrate Judge's order. The Magistrate Judge's order is non-dispositive. Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and

---

[2] The Court notes that in his letter titled "appeal," Plaintiff states that he has proof of missing mail; however, he has not provided any additional facts in support of this assertion. Thus, he has made no showing of an actual injury.

3

served within 14 days after being served a copy of the non-dispositive order. *Id*. Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. *Id*. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision. *Id*. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's order and Plaintiff's appeal. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Accordingly, the appeal is denied.[3]

## **CONCLUSION**

Accordingly, the Court agrees with the Report of the Magistrate Judge. Plaintiff's appeal [9] is **DENIED**. Upon review, the Court finds that Plaintiff's motions to amend [17,

---

[3] To the extent any of Plaintiff's filings should be liberally construed as requesting recusal of the undersigned, that request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455. Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases. However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.

20, 22] do not add any facts that would alter the outcome of this action. Accordingly, they are **DENIED**. This action is **DISMISSED** with prejudice, without issuance and service of process, and without leave to amend.

Plaintiff has established himself as a frequent filer in this Court. Therefore, any further filings in this case will be reviewed but will not receive a response unless one is deemed necessary by the undersigned or Magistrate Judge McDonald.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

February 18, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.